IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AARON T. JONES,
    Plaintiff
    v.
SECRETARY BEARD, et al.,
    Defendants

Case No. 3:10-cv-219-TFM-KAP

## Summary Report and Recommendation

Plaintiff Aaron T. Jones, since being sentenced on January 31, 2006, to a 4-8 year term of imprisonment, has filed a number of complaints alleging that at every prison where he has been confined employees of the Pennsylvania Department of Corrections have violated various of his constitutional rights, as have members of the Pennsylvania Board of Probation and Parole. See Jones v. Lockett, Case No. 2:08-cv-16-TFM-ARH (W.D.Pa.); Jones v. McVey, Case No. 2:09-cv-1259-CB (W.D.Pa.); Jones v. Zirkle, Case No. 2:09-cv-1632-ARH (W.D.Pa.); Jones v. Beard, Case No. 2:10-cv-972-LPL (W.D.Pa.); Jones v. Vinsinski, Case No. 3:10-cv-196-TFM-KAP (W.D.Pa.); Jones v. Beard, Case No. 3:10-cv-219-TFM-KAP (W.D.Pa.).

This matter was referred to Judge Hay until her untimely death, and Judge Hay, observing that the complaint had several procedural defects, recommended that plaintiff either fix them or suffer dismissal for failure to prosecute. docket no. 2. Plaintiff has neither fixed the defects nor requested more time to do so, and the time to do so has expired. The complaint should be dismissed

because all the Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984) factors[1] are adverse to plaintiff.

Plaintiff has requested and has been granted additional time to amend his complaint at Jones v. Vinsinski, Case No. 3:10-cv-196-TFM-KAP (W.D.Pa.). Part of the text in the complaint plaintiff filed there duplicates text in the complaint plaintiff has filed here. Whether plaintiff has decided not to pursue this complaint or has so many pieces of litigation going that he cannot keep them all straight, this action should also be dismissed under Fed.R.Civ.P. 42(a): there is no reason for the court and, if plaintiff manages to get past screening under 28 U.S.C.§ 1915A, the Pennsylvania Department of Corrections, to bear the unnecessary cost and delay involved in managing two actions (or three, since

---

1. In deciding whether to dismiss a civil case as a sanction for failure to prosecute, the court must weigh: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the delinquent party; (3) any history of dilatoriness; (4) whether the delay is willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim. Plaintiff is completely responsible for his failure to prosecute and does not offer any excuse. The prejudice from having to defend the civil suits that plaintiff files is mostly to the taxpayer, but there is probably some minimal distraction to the defendants individually, as well as financial loss to any defendants who might retain private counsel. Because plaintiff is proceeding in forma pauperis no financial sanction is appropriate or effective. Most importantly, plaintiff's assembly line of complaints make it likely on probabilistic grounds alone that his claims are meritless: an inmate who files one complaint may have a colorable claim, but an inmate who in one year files three complaints claiming several dozen defendants are violating his civil rights is either malicious or fatally overbroad in his litigation strategy.

Judge Lenihan has Jones v. Beard, Case No. 2:10-cv-972-LPL (W.D.Pa.)) when one will do.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 5 November 2010

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Aaron Jones GN-0629
S.C.I. Fayette
Box 9999
50 Overlook Drive
Labelle, PA 15450-0999